UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE LAWRENCE GERARD MEANY,
DEBTOR

RAYMOND C. BURKHART, JR.                CIVIL ACTION

VERSUS                                   NO: 00-107

LAWRENCE GERARD MEANY                    SECTION: "J"(5)

## ORDER AND REASONS

The instant appeal was initiated by the filing of appellant's Notice of Appeal, which reads as follows: "Pursuant to Federal Rule of Bankruptcy Procedure 8001, et seq., the plaintiff, Raymond C. Burkart, Jr., hereby appeals to the United States District Court for the Eastern District of Louisiana from the Order of the Bankruptcy Court entered in Adversary Proceeding No. 97-1069/97-1070 on the 3rd day of November, 1999, holding him in contempt of court for statements allegedly made in criticism of Judge Brown on May 17, 1999". Rec. Doc. 1.

Notwithstanding the fact that the Notice of Appeal is addressed solely to a collateral ruling of the Bankruptcy Court,

(specifically its order of November 3, 2000 imposing sanctions on appellant) and not the Bankruptcy Court's October 14, 1999 final order on the merits of the adversary proceedings, appellant has filed not one but three "original briefs on the merits" on behalf of himself (as creditor/plaintiff in adversary proceeding 97-1070, captioned <u>Burkart v. Meany</u>) and of his client, Linda Forte Meany (creditor/plaintiff in adversary proceeding 97-1069, captioned <u>Meany v. Meany</u>), which address both the October 14, 1999 order and the November 3, 1999 order.

The content of appellant's three briefs may be summarized as follows: (1) appellant's Original Brief on the Merits submitted on behalf of Raymond C. Burkhart, Jr., in which he seeks review of the Bankruptcy Court's October 14, 1999 order and judgment dismissing Michael Meany and other corporate defendants from adversary proceeding 97-1070, and dismissing Burkhart's claim for attorney's fees against debtor Lawrence Gerard Meany (Rec. Doc. 2); (2) appellant's Original Brief on the Merits arguing that the sanctions ordered on November 3, 1999 should not be upheld (Rec. Doc. 3); and (3) appellant's Original Brief on the Merits submitted on behalf of Linda Forte Meany, seeking review of the Bankruptcy Court's October 14, 1999 order and judgment dismissing her claims arising under section 523(a)(6) of the Bankruptcy Code (Rec. Doc. 4).

Because the Notice of Appeal is addressed only to the November 3, 1999 order imposing sanctions on appellant for conduct during the May 1999 trial, for the reasons that follow, the Court finds that this is the only issue preserved for review on this appeal.

### *Issues not Preserved by the Notice of Appeal*

Federal Rule of Appellate Procedure 3(c) requires an appellant to "designate the judgment, order, or part thereof appealed from" in the notice of appeal. Fed. R. App. Proc. 3(c). However, it is also true that "[w]hile the requirements are jurisdictional, and noncompliance is fatal to an appeal, courts construe a notice of appeal liberally to avoid technical barriers to review." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 884 (5th Cir. 1998)(internal quotations and citations omitted). Thus, "a mistake in designating orders to be appealed does not bar review **if the intent to appeal a particular judgment can be fairly inferred and if the appellee is not prejudiced or misled by the mistake**." Id. (emphasis added).

Despite this liberality in construing the requirements for notices of appeal, however,

> [w]here the appellant notices the appeal of a specified judgment only or a part thereof . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal . . . . Where parts of a

3

> judgment are truly independent, there is more likelihood that the designation of a particular part in the notice of appeal will be construed as an intent to leave the unmentioned portions undisturbed.

C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.)(per curiam), cert. denied, 454 U.S. 1125, 102 S. Ct. 974 (1981).

The Court finds in reviewing this case that even applying a liberal standard in construing appellant's Notice of Appeal, it lacks jurisdiction in this appeal over the issues raised in record documents two and four, which are directed to the Bankruptcy Court's final order on the merits of October 14, 1999. The Court finds that upon review of appellant's Notice of Appeal filed in this case, it cannot fairly infer an intent to appeal the Bankruptcy Court's October 14, 1999 order; to the contrary, the Notice is carefully and specifically limited to the sanctions order of November 3, 1999. Moreover, the judgment appealed from (imposing sanctions) in the notice is truly independent of the final judgment (resolving the merits of the adversary proceedings), and there is simply no way the two can be viewed as "inextricably intertwined" for purposes of construing the Notice of Appeal. See C.A. May Marine Supply Co., supra; New York Life Ins., 142 F3d at 884.

Perhaps most importantly, in this case the appellee was prejudiced and misled by the mistake. Seeking to connect

appellant's briefs to notices of appeal which related to the Bankruptcy Court's October 14, 1999 order, appellee, who is proceeding pro se, apparently presumed that the Notices of Appeal in issue were two notices filed in the adversary proceedings but not docketed in this Court.[1]  Accordingly, appellee directed his entire legal argument in response to this appeal to the question of whether a procedural default had occurred in relation to two notices of appeal that are not part of this case.  The appellee was clearly prejudiced by the limited nature of the Notice of Appeal filed herein, and thus the Court cannot construe the Notice of Appeal in this case to encompass the October 14, 1999 judgment, and accordingly, the issues raised by appellant which relate to the October 14, 1999 judgment have not been preserved for review in this appeal.

    Moreover, even if the issues were preserved, the Court notes that all three of appellant's original briefs on the merits were filed out of time.  Pursuant to the Clerk of Court's directive of January 12, 2000 (contained in Rec. Doc. 1), appellant's brief was due within 15 days of entry of the docketing of the appeal, or on January 27, 2000.  However, Record Document two was not filed until January 31, 2000; Record Document three was not filed

---

[1] Adversary Proceeding 97-1069, Rec. Docs. 213 & 215.

5

until February 1, 2000; and Record Document four was not filed until February 22, 2000. Thus, all three briefs were untimely. Nevertheless, the Court briefly addresses below the arguments made in the second original brief on the merits (Rec. Doc. 3), for which an adequate Notice of Appeal was filed.

### *Appeal of Bankruptcy Court Judge's Sanctions*.

On November 3, 1999, following an order to show cause issued by the Bankruptcy Judge, appellant was sanctioned in the amount of $500 for contemptuous statements made during the trial of the underlying adversary proceedings. He now appeals the sanctions, arguing first that the Bankruptcy Judge was procedurally precluded from hearing the matter, based upon Bankruptcy Rule 9002(b); and second, that the statements made by appellant and referred to in the order holding him in contempt were not contemptuous.

The Court pretermits the first argument, because regardless of whether the bankruptcy judge was precluded from hearing the matter, this Court is not.

With respect to the second issue, the Court finds that appellant's statements were indeed contemptuous, and further, that these statements were not isolated instances of appellant's demonstration of contempt toward the bankruptcy judge. Over the past months, this Court has had the opportunity to review

6

voluminous transcripts of the bankruptcy proceedings, and is quite familiar with appellant's conduct throughout.[2] In this regard, the Court points appellant to its order of November 9, 1999, in which it stated:

> [T]he Court cautions [attorneys Lambert and Burkhart] that the allegations made in support of [their] argument are demeaning to their status as officers of the court, as well as in violation of the Louisiana State Bar Code of Professionalism. For instance, [Lambert and Burkhart] have accused Judge Brown of "contradicting himself and the law to manufacture ways to rule against the Appellants and their client," and of "consistently misstating the facts and the law and going out of his way to rule against the appellants and attempt to make them look foolish." Appellants' Brief at 3; 17. **Because the Court has learned that similar remarks have been the subject of a Rule to Show Cause why appellants should be held in contempt initiated by the bankruptcy judge, the Court declines to initiate similar proceedings here.**

Minute Entry of 11/9/99, Lambert v. Meany, 99-2880(J), 7-8 (emphasis added).

What the foregoing demonstrates is that the Court had previously determined that appellant's conduct before the Bankruptcy Court violated professional standards and only refrained from imposing its own sanctions because the issue was being addressed by the Bankruptcy Court. In light of this and all of the other surrounding circumstances, the Court finds that

---

[2] The following related matters have been pending in this Court at various times: 99-324, Meany v. Meany; 99-1004, Meany v. Meany; 99-1109, Meany v. Meany; 99-2880, Lambert v. Meany; and 99-3885, Meany v. Meany.

the sanctions appealed from were warranted, and further observes that once again, appellant has filed an appeal that borders on the frivolous. Accordingly;

**IT IS ORDERED** that the November 3, 1999 order of the Bankruptcy Court should be and is hereby **AFFIRMED**.

New Orleans, Louisiana, this 19th day of May, 2000.

_____
UNITED STATES DISTRICT COURT